**370**

SYSTEM FEDERATION NO. 152, RAIL-WAY EMPLOYEES' DEPARTMENT, AFL–CIO; and Ralph E. Gipprich Individually and as General Chairman for the Sheet Metal Workers in System Federation No. 152, Railway Employees' Department, AFL–CIO, Plaintiffs,

v.

PENNSYLVANIA RAILROAD COMPANY and Transport Workers Union of America, AFL–CIO, Defendants.

No. 63 Civ. 2348.

United States District Court
S. D. New York.

Aug. 6, 1968.

Mulholland, Hickey & Lyman, Toledo, Ohio, for plaintiffs; by Richard R. Lyman, Toledo, Ohio, of counsel.

Cohen & Weiss, New York City, for plaintiffs; by Bruce H. Simon, New York City, of counsel.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant, The Pennsylvania Railroad Co.; by David J. Mountan, Jr., and Reginald Leo Duff, New York City, of counsel.

OPINION

POLLACK, District Judge.

The plaintiff, an AFL–CIO union, moves for partial summary judgment under Rule 56(a), F.R.Civ.P., on an Award made on June 12, 1961 by the Railroad Adjustment Board, Second Division ("Board" hereafter). The plaintiff seeks thereby an adjudication of the liability of the defendant Pennsylvania Railroad Company (now known as Penn Central Company), reserving only the issue of damages for trial.

This action was commenced on or about August 6, 1963 more than two years after the Award was handed down. It has been prosecuted in lackadaisical fashion. In December, 1964 the suit was dismissed for lack of prosecution and in the same month restored by stipulation to the docket. In April, 1966 a note of issue was filed and on September 14, 1967, the action was marked "off" the trial calendar and it has remained in that status since then, having neither been disposed of nor restored by the parties for trial. Meanwhile, pursuant to order of Judge Mansfield dated September 13, 1967 (272 F.Supp. 971) the defendant railroad was permitted to amend its answer to set up as a defense to the Award that the Board failed to determine the dispute upon a consideration of the contract of the rival union whose members were affected by the questioned action, and praying that the case be remanded to the Board to resolve the dispute herein upon a consideration of the claims to the jobs involved which the rival unions make respectively, on

behalf of their members. See Transportation-Communication Emp. Union v. Union Pacific Railroad, 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966).

The Award was that the railroad had breached its collective bargaining agreement with the plaintiff union by assigning certain jobs in 1958 in its Pittsburgh yards to members of the TWU, the "Carmen" union, rather than to the "sheetmetal workers" of the plaintiff AFL–CIO union.

The railroad is presently in the dilemma of being faced with an Award in favor of one union with which it has a contract while it is threatened with liability with respect to the same jobs, arising from conflicting claims of a rival union under its contract with the railroad. Enforcement of the Board's Award could leave the railroad in the position of responsibility to the other union in a separate proceeding. To avoid this result, the railroad has moved for summary judgment under Rule 56(b), F.R.Civ.P., to remand the controversy to the Board so that both unions can be brought before it and bound by the ultimate ruling to the end that the railroad shall be required to pay only one Award in connection with the jobs in question, if it should be held liable to pay at all.

Examination of the respective contracts of the two unions does not foreclose the Board's answer to the problem faced by the railroad. The latter seeks and is entitled under the decision of the Supreme Court in the *T–C–E Union* case to the exercise by the Board of its exclusive jurisdiction to settle disputes like this in a single proceeding with all disputant unions present. In that way only can there be finality and fairness in disposing of the question who are entitled to have the jobs assigned to them. The language of the Supreme Court's decision, *mutatis mutandis*, is apposite here.

"The Board should be directed to give once again the clerks' union an opportunity to be heard, and, whether or not the clerks' union accepts this opportunity, to resolve this entire dispute upon consideration not only of the contract between the railroad and the telegraphers, but 'in the light of * * * [contracts] between the railroad' and any other union 'involved' in the overall dispute, and upon consideration of 'evidence as to usage, practice and custom' pertinent to all these agreements. * * * The Board's order, based upon such thorough consideration after giving the clerks' union a chance to be heard, will then be enforceable by the courts." (385 U.S. at 165–166, 87 S.Ct. at 373–374).

The plaintiff objects to this manner of disposition of the controversy on the ground that the contract of the TWU contained no relevant provisions different from or in addition to the provisions of the plaintiff's contract which the Board has already fully considered, but in fact, contained the same identical provisions. Moreover, the plaintiff argues, that in its answer to the complaint herein the TWU asserts no substantial defense except to challenge the merits of the Board's ruling as to the proper interpretation and application of the contract provisions which it considered. The plaintiff asserts that insofar as the TWU takes issue with the Board's interpretation of the contract between the plaintiff and the defendant railroad, the Board's Award is final and binding, and not subject to review by the Court on the merits of the dispute.

In response to this argument, the railroad urges that the determination of the underlying questions is beyond the competence of this Court and involves a dispute and a determination of which the Adjustment Board has sole and exclusive plenary jurisdiction. It is with this view that the Court agrees. Regardless of any claimed identity between the two union contracts, it would be unthinkable to place the employer in the position of responding differently on the same set of facts to different unions concerning the same jobs.

Accordingly, the motion of the defendant Railroad is granted and this controversy is remanded to the National

**372**

Railroad Adjustment Board, Second Division, for a determination of the whole dispute with all parties present and bound, and the motion of the plaintiff for summary judgment is denied. The application to substitute for the name of the railroad in the title of this action its present title, "Penn Central Company", is granted.

Settle order.